UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LUDOVIC DAVERNE,

                         Plaintiff,

           -against-                      21-CV-7157 (LTS)

ERICA BARBIONI; DETECTIVE             TRANSFER ORDER
HERBERT; ASSISTANT DISTRICT
ATTORNEY BARNES,

                        Defendants.

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is currently incarcerated in the Vernon C. Bain Center on Rikers Island, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated his rights in Brooklyn, New York. For the following reasons, this action is transferred to the United States District Court for the Eastern District of New York.

      Under the general venue provision, a civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the district where the person is domiciled. 28 U.S.C. § 1391(c)(1).

      Plaintiff alleges that he was falsely arrested for events that occurred at Defendant Barbioni's apartment, located in Brooklyn, New York. Plaintiff further asserts that he is currently being maliciously prosecuted by the King's County District Attorney's Office. Because Plaintiff does not allege that any defendant resides in this district or that a substantial part of the events or omissions giving rise to his claims arose in this district, venue is not proper in this Court under

§ 1391(b)(1), (2). Plaintiff's claims arose in Brooklyn, New York, which is in the Eastern District of New York. *See* 28 U.S.C. § 112(c). Accordingly, venue lies in the Eastern District of New York, 28 U.S.C. § 1391(b)(2), and this action is transferred to the United States District Court for the Eastern District of New York, 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court.[1] A summons shall not issue from this Court. This order closes this case.

The Clerk of Court is further directed to mail a copy of this order to Plaintiff and note service on the docket.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   August 25, 2021
         New York, New York

                                           /s/ Laura Taylor Swain
                                           LAURA TAYLOR SWAIN
                                           Chief United States District Judge

---

[1] Plaintiff submitted a request to proceed *in forma pauperis*, but he did not submit a prisoner authorization.